UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINA DICE,

    Plaintiff,

v.

                        Case No. 3:17-cv-388-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff alleged she became disabled on May 27, 2011. (Tr. 20, 149.) Plaintiff's claim was denied initially and upon reconsideration. A hearing was held before the assigned Administrative Law Judge ("ALJ") via videoconference on August 25, 2015. (Tr. 37-56.) On October 6, 2015, the ALJ issued a decision finding Plaintiff not disabled from May 27, 2011, the alleged onset date, through the date of the decision.[2] The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 13, 15.)

[2] Plaintiff was insured for DIB through December 31, 2017. (Tr. 20.)

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises two general issues on appeal: (1) that the ALJ improperly failed to address all limitations from Plaintiff's severe and non-severe impairments

in the residual functional capacity ("RFC") determination and (2) that the ALJ failed to properly evaluate the record medical opinions, including those rendered by examining neuropsychologist Nicole Ninesling, Psy.D.; treating physicians Erin Doty, M.D. and Glenn Knox, M.D.; and treating physician assistant Meredith Hawthorne, PA-C.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff's severe impairments included: fibromyalgia, migraine headaches, Meniere's disease, hypotension, and insomnia. (Tr. 20.) The ALJ found Plaintiff's cognitive disorder to be "non-severe." (Tr. 21-22.) Then, the ALJ found that Plaintiff had the RFC to perform "light work" except:

> [Plaintiff] . . . can stand and walk for four hours out of an eight-hour workday and sit for six hours out of an eight-hour workday. [She] should never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. Furthermore, [she] can occasionally balance, stoop, kneel, crouch, and crawl. She should occasionally avoid exposure to extreme cold and heat; occasionally avoid exposure to excessive vibration; and occasionally avoid exposure to environmental irritants, such as fumes, odors, dust, gases, and poorly ventilated areas. Finally, [she] should occasionally avoid the use of moving machinery and exposure to unprotected heights.

(Tr. 23.) In making this finding, the ALJ considered the medical evidence of record, including the objective medical findings and the opinions of treating, examining, and non-examining sources, as well as Plaintiff's subjective complaints. With respect to the opinions of Dr. Ninesling, a neuropsychologist

3

who examined Plaintiff on two occasions, the ALJ stated at step two of the disability analysis:

> I considered the medical opinion offered by Dr. Ninesling. On August 25, 2015, Dr. Ninesling completed a check the box mental medical source statement, in which she opined the claimant has significant limitations in the mental ability and aptitude needed to perform unskilled, semi-skilled, and skilled work. Dr. Ninesling further opined the claimant would not be capable to consistently work five days per week (Ex. 23F). Although Dr. Ninesling evaluated the claimant on two occasions, she did not maintain an on-going longitudinal treatment relationship with the claimant. Moreover, Dr. Ninesling's second evaluation indicated no worsening in the claimant's cognitive function, despite the claimant's allegations that it had worsened. As such, I find Dr. Ninesling's opinion to be inconsistent with her findings as well as the overall record, including the claimant's reported activities of daily living. Therefore, I afford it little weight.

(Tr. 22.)

The Court cannot find that the ALJ articulated clear reasons supported by substantial evidence for discounting Dr. Ninesling's opinions. The ALJ's first reason for discounting the opinions– that "she did not maintain an on-going longitudinal treatment relationship with [Plaintiff]" (*Id.*)– does not constitute good cause. While a medical source's relationship is one factor the ALJ can consider, the ALJ here provided greater weight to the opinions of Audrey Goodpasture, M.D., a *non-examining* state agency physician. It is clear that "Eleventh Circuit precedent and the Commissioner's own regulations provide that examining physicians generally receive more weight than non-examining physicians." *Lewis*

*v. Colvin*, No. 1:15-cv-1483-WSD, 2016 WL 3996241, at *9 (N.D. Ga. July 26, 2016) (citing 20 C.F.R. § 416.927(c)(1) & *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Moreover, the ALJ also rejected the opinions of those doctors that did maintain ongoing treating relationships with Plaintiff.  (Tr. 26 (providing little weight to the treating opinions of Drs. Doty and Knox).)

The ALJ's statements that Dr. Ninesling's second evaluation "indicated no worsening in the claimant's cognitive function" and that her "opinion[s] [are] inconsistent with her findings as well as the overall record, including the claimant's reported activities of daily living" are conclusory, thereby frustrating judicial review.  *See Beard v. Colvin*, Case No. 3:14-cv-18-J-JRK, 2015 WL 1138447, at *6 (M.D. Fla. Mar. 13, 2015) (stating that the ALJ's failure to explain how the physician's opinion "is inconsistent with the 'overall evidence' . . . frustrates judicial review and precludes a finding that the ALJ's treatment of [the treating physician's] opinion is supported by substantial evidence").  The ALJ failed to reference specific medical records supporting the statements or to otherwise explain his statements.  *See Anthony v. Astrue*, Case No. 3:11-cv-355-J-JRK, 2012 WL 3536989 at *4 (M.D. Fla. Aug. 14, 2012) (reversing the Commissioner's decision because no analysis or explanation was provided by the ALJ to discount the opinion of a treating physician); *see also Green v. Astrue*, 481 F. Supp. 2d 1241, 1246 (N.D. Ala. 2007) (finding that an ALJ's "conclusion [was] not supported by the record. The ALJ d[id] not explain how clinical support is

lacking or how the statements are contradicted.").

Without further explanation, the Court cannot properly evaluate the ALJ's other reasons, thereby precluding a finding that the ALJ's decision was supported by substantial evidence. For example, while it appears Plaintiff was "predominantly stable between evaluations" (Tr. 649), her phonemic fluency fell in the *severely* impaired range and her semantic fluency slightly declined during the second evaluation (*Id.*). Dr. Ninesling also reported that Plaintiff would "likely experience greater cognitive problems outside the testing session." (*Id.*)

In any event, it is unclear how Dr. Ninesling's second evaluation contradicts the limitations prescribed in her Mental Medical Source Statement. The fact that Dr. Ninesling's second evaluation indicated "no worsening" in Plaintiff's cognitive function does not necessarily undermine the opinions rendered by her after the second evaluation.[3] Finally, the Court cannot conclude that a mere citation to Plaintiff's daily activities by the ALJ is sufficient to constitute substantial evidence for rejecting Dr. Ninesling's opinions. *Cf. Foote*, 67 F.3d at 1561 (stating that a conclusory citation to a claimant's "daily activities" as a basis for failing to believe her testimony as to pain was insufficient).

The Court is also troubled by the ALJ's apparent failure to consider Plaintiff's cognitive disorder in combination with Plaintiff's other impairments in

---

[3] Without knowing Dr. Ninesling's suggested limitations at the time of her first evaluation report (June 24, 2013), it is difficult to assess whether the second evaluation report (February 9, 2015) contradicts her August 25, 2015 suggested limitations.

assessing her RFC. Although the ALJ found Plaintiff's cognitive disorder to be a non-severe impairment at step two and discounted Dr. Ninesling's opinions as a part of that finding, the ALJ failed to provide analysis regarding how Plaintiff's cognitive disorder affected her work ability when viewed in combination with her other impairments at step four. *See Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011) (per curiam) (stating that the finding of any severe impairment is generally "enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe").

In light of the ALJ's errors, it is impossible to ascertain whether the ALJ's ultimate determination on disability is supported by substantial evidence and a remand for further consideration is warranted. This issue is dispositive and, therefore, it is unnecessary for the Court to address Plaintiff's remaining arguments. *See, e.g., Alexander v. Comm'r of Soc. Sec.*, No. 8:13-cv-1602-T-GJK, 2014 WL 4211311, at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)). On remand, the ALJ will be directed to reconsider all record medical opinions and to consider all of Plaintiff's impairments in formulating the RFC.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence

four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the record medical opinions, explain what weight they are being accorded, and the reasons therefor; (b) consider all of Plaintiff's impairments in formulating the RFC; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on July 10, 2018.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

8